# CHALOS, O'CONNOR & DUFFY

## ATTORNEYS AT LAW

Michael G. Chalos
Eugene J. O'Connor
Owen F. Duffy
Brian T. McCarthy
Timothy Semenoro*
Leroy S. Corsa^
Richard M. Ziccardi^
George K. Kontakis*
Andrew J. Warner
Wayne A. Parker

*Admitted in NY & NJ
^ Of Counsel

366 MAIN STREET
PORT WASHINGTON, NEW YORK 11050-3120

TELEPHONE (516) 767-3600
TELECOPIER (516) 767-3605 & 3925
WEBSITE: WWW.CODUS-LAW.COM

Michael G. Chalos
Partner
mchalos@codus-law.com

November 16, 2010

Via ECF and U.S. Mail

*So Ordered*
*11/16/10*
*Denied*
*Peter Sheridan*

Honorable Peter G. Sheridan
United States District Court Judge
Clark S. Fisher Building and U.S. Courthouse
402 East State Street, Second Floor
Trenton, New Jersey 08608

Attn:   Hon. Peter G. Sheridan
        United States District Court Judge

Re:   *United States v. Dalnave Navigation, Inc., et al.*
      Criminal No. 09-cr-130
      CO&D Ref: 500511.0001

Dear Judge Sheridan:

    We write on behalf of our client, Dalnave Navigation, Inc. (hereinafter "Dalnave"), in response to the government's letter application dated November 12, 2010, to withdraw its request for an Order to Show Cause why Dalnave's conditions of probation should not be modified and its term of probation extended six (6) months.[1] Despite withdrawing its baseless Motion, the government gratuitously alleges in its letter that Dalnave, "violated its conditions of probation by failing to provide complete unrestricted access to vessel", and by exhibiting "resistance to audits" performed by the External Audit Group (hereinafter "EAG"), ecology and environment, inc. These allegations lack any factual basis, are untrue, and are being made in bad faith.

    The record is clear that neither the EAG nor the Court Appointed Monitor (CAM) ever reported to the government or anyone else that they have been "denied access" to any vessel technically managed by Dalnave, or that Dalnave has "resisted" any audits from being conducted. The EAG and the CAM at all relevant times had full access to the vessels.[2] The

---

[1] A copy of the government's application, dated November 12, 2010, is enclosed herewith for the Court's ready reference. The Court granted the government's application on November 15, 2010. *See* Docket Entry No. 140.

[2] The CAM previously stated that it was not aware of any allegation that Dalnave had failed to abide by the terms of the ECP until after the government filed its application on September 1, 2010. The government's conduct in this

government's allegations in this regard are specious and have been woven out of whole cloth, without any factual basis whatsoever[3]. Furthermore, this last minute withdrawal of the application does not excuse the fact that the government has wasted this Court's time and forced Dalnave to expend significant sums and resources to respond to the government's clearly baseless application, and to prepare for the November 16th hearing. It is respectfully submitted that the government should be admonished by this Court for its conduct and ordered to refrain from filing any more frivolous motions in this matter.

Respectfully submitted,

CHALOS, O'CONNOR & DUFFY LLP

*Michael G. Chalos*

Michael G. Chalos

Enc.

Cc:   United States Attorney's Office
      District of New Jersey
      Email Address: Kathleen.O'Leary@usdoj.gov
      Attn:   Ms. Kathleen P. O'Leary
              Assistant United States Attorney
      (Via ECF and Electronic Mail w/enc.)

      U.S. Department of Justice
      Environmental Crimes Section
      Email: Gary.Donner@usdoj.gov
      Attn:   Mr. Gary N. Donner
              Assistant United States Attorney
      (Via ECF and Electronic Mail w/enc.)

      U.S. Department of Probation
      Attn: Probation Officer Patricia Jensen
      Email: Patricia_Jensen@njp.uscourts.gov
      (Via Electronic Mail w/enc.)

---

regard, (i.e., requesting the Court modify the terms of Dalnave's probation before obtaining any input from the CAM), completely frustrates the purpose of the ECP, and the reporting protocols contained therein. The CAM acts as the eyes and ears of the Court and the Department of Probation under the ECP. It is, therefore, critical that the EAG and CAM be permitted to perform their duties without unwarranted interference by the government. Rather than permit the EAG and the CAM to simply do their jobs in accordance with the terms of the ECP, the government sought, without basis, to modify the terms of Dalnave's probation with unfounded allegations of a breach of the ECP. The government has now *ipso facto* acknowledged the baseless nature of its application, as it has withdrawn it on the eve of the November 16th hearing.

[3] Had Dalnave ever denied the EAG access to one of its vessels or if there was any credible evidence that Dalnave had violated the terms of its probation, there is no doubt that the government would not have withdrawn its application on the eve of the hearing. No matter how the government now attempts to spin its actions, the withdrawal of the application is an admission that had a hearing been held, the evidence and testimony presented would clearly have established that there was never any factual or legal basis for the government's application in the first instance, or for the belated gratuitous and mean spirited allegations contained in its November 12th letter.